1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA ALLAN JACKSON, | |
| Plaintiff, | Case No. C14-1849-RSM-MAT |
| v. | |
| RYAN J. QUIRK, *et al.*, | ORDER DENYING PLAINTIFF'S APPLICATIONS FOR APPOINTMENT OF COUNSEL AND PLAINTIFF'S MOTION TO SUBMIT EVIDENCE |
| Defendants. | |

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's applications for appointment of counsel and on plaintiff's motion to submit evidence. The Court, having reviewed plaintiff's requests for relief, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's applications for appointment of counsel (Dkts. 15 and 16) are DENIED. Plaintiff is advised that there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).

ORDER DENYING PLAINTIFF'S APPLICATIONS
FOR APPOINTMENT OF COUNSEL - 1

A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has not, at this juncture, demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims pro se. Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel at the present time.

(2) Plaintiff's motion to submit evidence (Dkt. 17) is DENIED. Plaintiff seeks to enter into the record a number of documents which he appears to believe support the claims asserted in his civil rights complaint. Plaintiff's submission is both premature and procedurally incorrect. Defendants in this action have yet to file their answer. Once an answer is filed, the Court will issue a pretrial scheduling order which will set forth deadlines for the parties to complete discovery and to file dispositive motions. Evidence of the type offered by plaintiff in conjunction with the instant motion is more appropriately submitted to the Court in support of, or in opposition to, some form of dispositive motion so that the Court has a context in which to properly review the evidence.

(3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Ricardo S. Martinez.

DATED this <u>12th</u> day of March, 2015.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge